IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| BRIAN DODSON | * |
| Plaintiff, | * |
| | * |
| v. | * CASE NO. 3:17-cv-343 |
| | * |
| AETNA LIFE INSURANCE COMPANY | * |
| | * |
| Defendant. | * |

## NOTICE OF REMOVAL

Defendant Aetna Life Insurance Company ("Aetna") respectfully gives notice of the removal of this action from the Circuit Court of Tallapoosa County, Alabama, Case number 70-CV-2017-900044.00, to the United States District Court for the Middle District of Alabama, pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446. As grounds for removal, Aetna states as follows:

### INTRODUCTION

1. On April 20, 2017, Plaintiff Brian Dodson ("Dodson") filed his Complaint (the "Complaint") in the Circuit Court of Tallapoosa County, Alabama, alleging Aetna failed to pay medical expenses he incurred. Dodson is an employee of Advantage Waypoint, LLC ("Advantage") and a participant in an employee benefit plan established by Advantage for the benefit of its employees.

2. The Complaint and Summons issued to Aetna are attached as Exhibit A.

3. A "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C.

§ 1446(b). Aetna received a copy of the Complaint on May 3, 2017, and not before. Accordingly, this Notice of Removal is timely filed.

4. As explained below, removal of this civil action is proper because this is a civil action that falls under the Court's original jurisdiction: Plaintiff has made claims against Aetna arising under federal law and diversity of citizenship jurisdiction exists. *See* 28 U.S.C. §§ 1331, 1332, 1441(a) and (b).

## **FEDERAL QUESTION JURISDICTION EXISTS IN THIS CASE**

5. This Court has original, federal question jurisdiction over this action. Section 1331 of Chapter 28 of the U.S. Code provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

6. Dodson seeks payment of medical expense benefits under an employer-provided benefit plan. Such claims are subject to complete preemption by ERISA. 29 U.S.C. § 1132(a)(1)(B). A state law claim arises under federal law when a federal statute, here ERISA, preempts the claim and supplies the exclusive remedy.

7. In short, because Dodson's claims are subject to complete preemption by federal law, Dodson is asserting claims necessarily arising under federal law, and this Court has jurisdiction over this matter. *See generally Beneficial National Bank v. Anderson*, 539 U.S. 1 (2003) (discussing complete preemption under ERISA); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987) (holding that removal of state-law claims was proper based on ERISA preemption).

## **DIVERSITY JURISDICTION EXISTS IN THIS CASE**

8. Section 1332(a) of Chapter 28 of the U.S. Code provides that:

> (a) the District Court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between –
>
> (1) citizens of different States . . .

28 U.S.C. § 1332(a). Both the diversity of citizenship and amount in controversy requirements are met here.

### COMPLETE DIVERSITY EXISTS BETWEEN THE PARTIES

9. Plaintiff Dodson is an adult resident citizen of Tallapoosa County, Alabama.

10. Aetna is a corporation organized and existing under the laws of Connecticut, with its principal place of business in Connecticut. Aetna is therefore a citizen of Connecticut. 28 U.S.C. § 1332(c)(1).

11. In sum, the Dodson is a citizen of Tennessee and Aetna is a citizen of Connecticut. Complete diversity of citizenship therefore exists between Dodson and Aetna.

### THE AMOUNT IN CONTROVERSY EXCEEDS $75,000, EXCLUSIVE OF INTEREST AND COSTS

12. Dodson seeks payment of medical expenses incurred in the total amount of $30,004.98, Compl. at 24 and 25, along with "interest, cost, and incidental and consequential damages." Compl. at Count I. Dodson asserts that Aetna's "refusal" to pay his claims was "intentional" and "in bad faith" and warrants imposition of "punitive damages". Compl. at Count II. Dodson also claims that Aetna engaged in "fraud" that caused him to "suffer physical injury, economic loss, mental anguish and incur incidental and consequential damages" due to the "intentional, gross, and/or reckless nature of the fraud." Compl. at Count III. While Dodson does not specifically quantify in dollars the amount he seeks to recover in addition to the $30,004.98 in benefits under the Plan, the amount in controversy presented by the face of the Complaint exceeds the jurisdictional threshold of $75,000, exclusive of interest and costs.

13.     These claims, in the aggregate, more likely than not exceed the jurisdictional minimum of $75,000, exclusive of interest and costs. *See Roe v. Michelin North America, Inc.*, 613 F.3d 1058 (11th Cir. 2010)(holding that the district court can make reasonable deductions from the pleadings in determining that it is facially apparent that an indeterminate complaint meets the amount in controversy requirement); *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995) (concluding that a punitive damages claim was "more likely than not" to exceed the jurisdictional amount).

## COMPLIANCE WITH 28 U.S.C. §§ 1441 AND 1446

15.     Pursuant to 28 U.S.C. § 1446, true and correct copies of all process, pleadings, and orders served on Aetna in the state court are attached and incorporated herein as Exhibit A.

16.     Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this action will be sent simultaneously to Plaintiff's counsel. A true and correct copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of Tallapoosa County, Alabama, along with a Notice of Filing of Notice of Removal, a copy of which is attached hereto as Exhibit B.

WHEREFORE, Aetna respectfully gives notice of the removal of this action to this Court pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446 because Plaintiff asserts claims in its Complaint arising under federal law and as to which this Court has diversity of citizenship jurisdiction.[1]

This the 25th day of May, 2017.

Respectfully submitted,

_____
Roy H. Liddell (LID 001)
Counsel for Defendant Aetna Life Insurance Company

---

[1] Defendant does not waive any defense by submitting this Notice of Removal.

WELLS MARBLE & HURST, PLLC<br>
300 Concourse Boulevard, Suite 200<br>
Ridgeland, Mississippi 39157<br>
Post Office Box 131<br>
Jackson, Mississippi 39205-0131<br>
Telephone: (601) 605-6900<br>
rliddell@wellsmar.com

## CERTIFICATE OF SERVICE

I, Roy H. Liddell, do hereby certify that a true and correct copy of the foregoing has been furnished by U.S. Mail, postage prepaid, on this 25th day of May, 2017, to:

Mr. Derrick Blythe
151 Alabama Street
Alexander City, AL  35010
attorneyblythe@gmail.com

**Counsel for Plaintiff**

Patrick Craddock, Clerk
Tallapoosa County Circuit Court
125 N. Broadnax Street, Room 132
Dadeville, AL  36853

_____
Roy H. Liddell

#259033