DOCUMENT 2



ELECTRONICALLY FILED
4/20/2017 3:27 PM
70-CV-2017-900044.00
CIRCUIT COURT OF
TALLAPOOSA COUNTY, ALABAMA
PATRICK CRADDOCK, CLERK

IN THE CIRCUIT COURT OF TALLAPOOSA COUNTY, ALABAMA
ALEXANDER CITY DIVISION

BRIAN DODSON      )
                  )
                  )
     Plaintiff,   )
                  )
vs.               )   CASE NO. CV-2017-
                  )
AETNA LIFE INSURANCE )
COMPANY, and ABC; DEF, LTD.; )
GHI, L.L.C.; and JKL, Inc. )
                  )
     Defendants.  )

## COMPLAINT

**COMES NOW** Plaintiff in the above styled cause, BRIAN DODSON, and submits the following allegations as a basis for relief:

1. The Defendant, Aetna Life Insurance Company, is an insurance company conducting business in Tallapoosa County, Alabama.

2. The Defendants, ABC; DEF, LTD.; GHI, L.L.C.; and JKL, Inc., are defendants located in the state of Alabama who are unknown to the Plaintiffs at this time but are liable for the injuries suffered by the Plaintiff, BRIAN DODSON.

3. The Plaintiff, Brian Dodson, is an adult over the age of nineteen and a resident of Tallapoosa County, Alabama.

4. The Defendant, Aetna Life Insurance Company, offered certain health insurance benefits to Brian Dodson through a policy with the Plaintiff's employer.

5. The Plaintiff, Brian Dodson, had several medical procedures performed on him.

6. The Plaintiff, Brian Dodson, had medical procedures performed at Russel Medical Center in Alexander City, Alabama, Tallapoosa County.

7. The Plaintiff, Brian Dodson, also had medical procedures performed at Trinity Medical Center or like or similar medical institutions or provider in Birmingham, Alabama.

8. The Defendant, Aetna Life Insurance Company, failed and/or refused to pay the medical bills at both locations as provided by the health insurance contract.

9. The Defendant, Aetna Life Insurance Company, failed or refused to pay $2,385.38 to Russell Medical Center.

10. The Defendant, Aetna Life Insurance Company, failed or refused to pay $27,619.60 to Trinity Medical Center and or the like or similar medical service providers located in Birmingham, Alabama.

## COUNT ONE

11. The Plaintiff, BRIAN DODSON, adopts those statements contained in paragraphs one through ten and incorporate them herein as though set out in their entirety.

12. The Defendant, Aetna Life Insurance Company, is an insurance company organized and existing under the laws in the state of Alabama and is engaged in the business of issuing health insurance policies.

13. On or about May 18, 2015, the Plaintiff, Brian Dodson, had a medical procedure in Birmingham, Alabama at Trinity Medical Center and/or like or similar health care providers which should have been covered by the health insurance policy issued by the Defendant, Aetna Life Insurance Company.

14. The Plaintiff, Brian Dodson, was the insured under said policy, member ID # W208660166.

15. The Plaintiff, Brian Dodson, had a medical procedure.

16. Following the medical procedure, the Plaintiff, Brian Dodson, informed the Defendant, Aetna Life Insurance Company, of the outstanding bill for $27,619.60.

17. On or about May 28, 2014, the Plaintiff, Brian Dodson, had a medical procedure at Russell Medical Center. This should have been covered under the health insurance policy issued by the Defendant, Aetna Life Insurance Company.

18. The Plaintiff, Brian Dodson, requested the Defendant, Aetna Life Insurance Company, pay the outstanding bill at Russell Medical Center for the medical procedure.

19. The Defendant, Aetna Life Insurance Company, failed or refused to pay the $27,619.60 to Trinity Medical Center and/or other medical providers in Birmingham, Alabama.

20. The Defendant, Aetna Life Insurance Company, breached the insurance contract, which should have covered the cost of the medical procedures.

20. The Plaintiff, Brian Dodson, has demanded that the Defendants, Aetna Life Insurance Company, pay these amounts to the medical providers.

WHEREFORE PREMISES CONSIDERED, the Plaintiff, Brian Dodson, demands judgment against the Defendants in an amount determined by a struck jury plus interest, cost, and incidental and consequential damages.

## COUNT TWO

DOCUMENT 2

21. The Plaintiff, BRIAN DODSON, adopts those statements contained in paragraphs one through twenty and incorporate them herein as though set out in their entirety.

22. The Plaintiffs, Brian Dodson, adopt those statements contained in paragraphs one through twenty and incorporate them herein as though set out in their entirety.

23. The Defendant, Aetna Life Insurance Company, is an insurance company organized and existing under the laws in the state of Alabama and engaged in the business of issuing health insurance policies in Tallapoosa County, Alabama. The Defendants, Aetna Life Insurance Company, issued a health insurance contract to the Plaintiff, , which should have covered medical procedures performed upon him at Russell Medical Center and Trinity Medical Center and/or other health care providers in Birmingham, Alabama.

24. On or about May 18, 2015, the Plaintiff, Brian Dodson, had a fistula repaired at Trinity Medical Center and/or other health care facilities or providers in Birmingham, Alabama and received a bill for $27,619.60.

25. On or about May 28, 2014, the Plaintiff, Brian Dodson, had a colonoscopy performed at Russell Medical Center in Alexander City, Alabama, Tallapoosa County and received a bill for $2,385.38

26. Thereafter the Plaintiff, Brian Dodson, made claims with the Defendant, Aetna Life Insurance Company, on said policy for payment of the medical procedures performed and described herein.

DOCUMENT 2

27. The Defendant, Aetna Life Insurance Company, thereafter, intentionally refused to pay the Plaintiff's claims under said policy and denied the same without lawful justification.

28. The Defendant's, Aetna Life Insurance Company, refusal to pay said claims was not based upon any reasonable, legitimate, arguable, or debatable reason.

29. The Defendant's, Aetna Life Insurance Company, knew that there was no legitimate, arguable, or debatable reason for denying the claims when the Defendants refused to pay said claim.

30. The Defendants, Aetna Life Insurance Company, intentionally failed to determine whether there was any lawful basis for their refusal to pay said claims.

31. The Defendants, Aetna Life Insurance Company, acted in bad faith in refusing to pay said claims.

32. The Plaintiff, Brian Dodson, claims punitive damages of the Defendants.

WHEREFORE PREMISES CONSIDERED, the Plaintiff, BRIAN DODSON, demands judgment against the Defendants in an amount determined by an enlightened and struck jury, plus cost, interest, incidental damages, and consequential damages.

### COUNT THREE

33. The Plaintiff, Brian Dodson, adopts those statements contained in paragraphs one through thirty-two and incorporates them herein as though set out in their entirety.

34. This action is brought pursuant to the *Code of Alabama 1975*, § 6-5-100 and § 6-5-101.

35. The Defendants, Aetna Life Insurance Company, represented to the Plaintiff that the Plaintiff was insured for medical expense and/or procedures and covered generally for health care costs.

36. The Defendants, Aetna Life Insurance Company, allowed the Plaintiff, Brian Dodson, to have several medical procedures with no insurance coverage for said procedures.

37. The Plaintiff, Brian Dodson, had medical procedures on May 18, 2015 and May 28, 2014, neither of which was paid for by the Defendants insurance policy.

38. The representations made by the Defendants, Aetna Life Insurance Company, were false and the Defendants knew they were false and/or without knowledge of the true facts the Defendants recklessly misrepresented the facts but did such with the intention that the Plaintiff should rely upon said misrepresentations.

39. The Plaintiff, Brian Dodson, believed the representations made by the Defendants, relied upon them, and acted upon them by having the medical procedures believing that they would be covered by the health care insurance issued by the Defendants.

40. As a proximate result of said fraud by the Defendants, the Plaintiff, Brian Dodson, was caused to suffer physical injury, economic loss, mental anguish, and incur incidental and consequential damages.

41. The Plaintiff, Brian Dodson, claims punitive damages of the Defendants, Aetna Life Insurance Company, due to the intentional, gross, and /or reckless nature of the fraud.

DOCUMENT 2

WHEREFORE PREMISES CONSIDERED, the Plaintiff, Brian Dodson, demands judgment against the Defendants in an amount determined by an enlightened and struck jury, plus cost, interest, incidental and consequential damages.

## COUNT FOUR

42. The Plaintiff, Brian Dodson, adopts those statements contained in paragraphs one through forty-one and incorporates them herein as though set out in their entirety.

43. A confidential relationship and/or special relationship existed between the Plaintiff and the Defendants by virtue of the superiority of the Defendants' knowledge of the true facts, insurance policy terms and conditions, the position of the Defendants acting in a fiduciary position, and by the fact the Defendants were solely and exclusively in control of the payment method, documentation, claims mechanisms, and payment of claims.

44. As a result of this confidential relationship, the Defendants, Aetna Life Insurance Company, had a duty to disclose to the Plaintiff the following material facts:

    a.) That the Plaintiff, Brian Dodson, was not covered by the insurance policy issued by the Defendants.

    b.) That the Plaintiff, Brian Dodson, would be responsible for payment of any medical bills incurred which were not covered by the insurance policy issued by Defendants.

    c.) That the claims submitted by the healthcare providers were not appropriately submitted to the Defendants and what should be done to correct that problem.

d.) That the claims submitted by the healthcare providers may not have been timely submitted and that the Plaintiff would be responsible for payment of the same.

e.) That the claims submitted by the healthcare providers were not going to be paid and such was not communicated to the Plaintiff in a timely fashion to allow the Plaintiff an opportunity to have the health care providers correct the claims.

45. As a proximate consequence of the suppression of material facts as alleged, the Plaintiff was caused to suffer physical injury, medical expense, economic loss, and mental anguish.

46. The Plaintiff, Brian Dodson, demands punitive damages of the Defendants due to the intentional, reckless, and gross actions and/or omissions of the Defendants.

WHEREFORE PREMISES CONSIDERED, the Plaintiff, Brian Dodson, demands judgment against the Defendants in an amount determined by an enlightened and struck jury, plus cost, interest, incidental and consequential damages.

Respectfully submitted this 20th day of April, 2017.

/S/ DERRICK BLYTHE
Derrick Blythe, [BLY-003]
Attorney for Plaintiff
151 Alabama Street
Alexander City, AL 35010
256-234-4101

DOCUMENT 2

## JURY DEMAND

Plaintiffs demand trial by a struck jury of all issues so triable in this case.