**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BRIAN DODSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.:  3:17-cv-343-WKW-WC |
| | ) | |
| AETNA LIFE INSURANCE CO., | ) | |
| | ) | |
| Defendant. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the court is Defendant's Motion to Dismiss Plaintiff's State-Law Claims and to Strike Plaintiff's Jury Demand (Doc. 8).  The District Judge has referred this matter to the undersigned Magistrate Judge "for further proceedings and determination or recommendation as may be appropriate."  Doc. 11.  Despite the court's Order (Doc. 9) instructing Plaintiff to show cause why the motion should not be granted, Plaintiff has not filed a response in opposition to the motion.   As such, the motion is ripe for recommendation to the District Judge.  For the reasons that follow, the undersigned Magistrate Judge RECOMMENDS that Defendant's motion be GRANTED.

## I.    BACKGROUND

Plaintiff initiated this matter by filing a complaint in the Circuit Court of Tallapoosa County, Alabama, on April 20, 2017.  Doc. 1-1.  On May 26, 2017, Defendant removed the matter to this court pursuant to 28 U.S.C. § 1446(b), asserting that this court may exercise both federal question and diversity subject matter jurisdiction over the complaint. Doc. 1 at 2-3.  On June 16, 2017, Defendant filed the instant motion to dismiss and motion

to strike the jury demand.  In short, Defendant argues that, because all of Plaintiff's claims are preempted by Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.*, Plaintiff's state-law claims must be dismissed for failure to state any claim upon which relief could be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Plaintiff's demand for a jury trial must be stricken, and Plaintiff should be ordered to file an amended complaint seeking only the relief authorized under ERISA. Doc. 8 at 1.  On June 21, 2017, the undersigned entered an Order (Doc. 9) directing Plaintiff to "file a written response and show cause, if any there be, why the motion should not be granted."  Plaintiff's response was due on or before July 7, 2017.  Plaintiff did not file a response to the motion.

## II.    STANDARD OF REVIEW

As noted previously, Defendant moves to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules.  When ruling on a motion pursuant to Rule 12(b)(6), "the Court accepts the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff." *Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010).  In order to state a claim upon which relief could be granted, a complaint must satisfy the pleading standard of Rule 8 of the Federal Rules of Civil Procedure.

Rule 8 requires that a plaintiff submit a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).   In general, then, a pleading is insufficient if it offers only mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action[.]" *Twombly*, 550 U.S. at 555.   *See also Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (a complaint does not suffice under Rule 8(a) "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'").   Thus, in order to survive Defendant's motion to dismiss, Plaintiff's complaint "'must contain sufficient factual matter, accepted as true, to 'state a claim for relief which is plausible on its face.'"   *Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1051 (11th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678).   "A claim is factually plausible where the facts alleged permit the court to reasonably infer that the defendant's alleged misconduct was unlawful.   Factual allegations that are 'merely consistent with' a defendant's liability, however, are not facially plausible."   *Id.* (quoting *Iqbal*, 556 U.S. at 678).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."   *Iqbal*, 556 U.S. at 679.   If there are "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" that supports the claims alleged in the complaint, then the claim is "plausible" and the motion to dismiss should be denied and discovery in support of the claims should commence.   *Twombly*, 550 U.S. at 556.   But, "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."   *Iqbal*, 556 U.S. at 678-79.   Ultimately, in assessing the plausibility of a plaintiff's claims, the court is to avoid conflating the sufficiency analysis with a

premature assessment of a plaintiff's likelihood of success because a well-pleaded claim shall proceed "even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'"  *Twombly*, 550 U.S. at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

## III.   RELEVANT FACTS

According to the complaint, the relevant facts, accepted as true for purposes of deciding the instant motion, are as follows: Defendant offered health insurance benefits to Plaintiff through Plaintiff's employer.  Doc. 1-1 at ¶ 4.  Plaintiff underwent "several" medical procedures, including procedures at Russell Medical Center in Alexander City, Alabama, and Trinity Medical Center, "or like or similar institutions," in Birmingham, Alabama. *Id.* at ¶¶ 5-7.  Defendant "failed or refused to pay" medical bills resulting from the procedures.  *Id.* at ¶¶ 8-10.  In particular, Defendant failed or refused to pay a bill totaling $27,619.90 for a procedure (a "fistula repair") performed on May 18, 2015, at Trinity Medical Center.  *Id.* at ¶¶ 13-16, 24.  Plaintiff also requested that Defendant pay the outstanding medical bill for a procedure (a colonoscopy) performed on May 28, 2014, at Russell Medical Center.  *Id.* at ¶¶ 17-18, 25.

Plaintiff alleges that Defendant failed to pay for his medical procedures in violation of a "health insurance policy" issued by Defendant.  *See, e.g., id.* at ¶ 13.  The "health insurance policy" is a "Benefit Plan" for which Defendant provides administrative services. *See* Doc. 8-2 at 1.[1]  The Benefit Plan plainly advises that it is governed by ERISA, and

---

[1]  Defendant has attached the Benefit Plan as an exhibit to its Motion to Dismiss, along with a declaration from a corporate paralegal attesting that the Benefit Plan is the same Plan administered

further advises plan participants of the rights afforded to them by ERISA, including how to go about challenging the Plan Administrator's decisions related to coverage or other Plan terms and obligations. *See, e.g.,* Doc. 8-2 at 76, 101-02.

## IV.   DISCUSSION

### A.   Motion to Dismiss Plaintiff's State Law Claims

Plaintiff presents four state-law counts in his Complaint.  In Count One, he alleges that Defendant "breached the insurance contract" by failing or refusing to pay his medical bills related to the procedures described previously in this Recommendation.  Doc. 1.1 at ¶ 20.  In Count Two, he alleges that Defendant acted in bad faith in failing to pay his claims for the same medical procedures.  *Id.* at ¶ 31.  In Count Three, Plaintiff alleges that, through the Plan, Defendant fraudulently represented to Plaintiff that he was insured for the medical procedures for which Defendant later failed or refused to pay.  *Id.* at ¶¶ 35-40.  Finally, in Count Four, Plaintiff alleges Defendant breached its duty to disclose certain material facts related to his coverage under the Plan, and that such breach, in the form of "suppression" of such facts, is actionable because of the fiduciary, "confidential" and "special" relationship existing between Defendant and Plaintiff.  *Id.* at ¶¶ 43-45.

Defendant moves to dismiss Plaintiff's claims on the theory that they are preempted by ERISA.  Defendant argues that Plaintiff's claims are subject to both complete preemption and defensive preemption.  Doc. 8 at 4-9.  "Complete preemption [also

---

by Defendant and referenced in the Complaint. *See* Declaration of Carole Roy (Doc. 8-1) at ¶¶ 4-5.  The court may consider the document without converting the motion to dismiss into a motion for summary judgment because it is central to Plaintiff's complaint and its authenticity is not in dispute. *See, e.g., Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002).

frequently referred to as "superpreemption" in case law] is a narrow exception to the well-pleaded complaint rule and exists where the preemptive force of a federal statute is so extraordinary that it converts an ordinary state law claim into a statutory federal claim." *Connecticut State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1343 (11th Cir. 2009). "Complete preemption under ERISA derives from ERISA's civil enforcement provision § 502(a), which has such 'extraordinary' preemptive power that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Id.* at 1344 (quoting *Metro Life Ins. Co v. Taylor*, 481 U.S. 58, 65-66 (1987)).

Complete preemption differs from defensive preemption under ERISA in that it is narrower than defensive preemption and is jurisdictional in nature; that is, where a claim is subject to complete preemption under ERISA, a federal court is conferred with jurisdiction over the claim notwithstanding the requirement of a well-pleaded claim under federal law. Defensive preemption, on the other hand, is express within § 514(a) of ERISA, and is codified at 29 U.S.C. § 1144(a). That provision dictates that any and all state-law claims are preempted "insofar as they may now or hereafter relate to" an ERISA plan. § 1144(a). "Defensive preemption provides only an affirmative defense to certain state-law claims. As an affirmative defense, defensive preemption does not furnish subject matter jurisdiction under 28 U.S.C. § 1331[.]" *Butero v. Royal Maccabes Life Ins. Co.*, 174 F.3d 1207, 1212 (11th Cir. 1999). As another court has observed, "[b]ecause complete preemption is narrower, a state[-]law claim may be defensively preempted but not completely preempted." *Dye v. Hartford Life & Accident Co.*, Civ. No. 5:13-cv-428-MTT,

6

2014 WL 1379246, at *2 (M.D. Ga. April 8, 2014) (citing *Anthem*, 591 F.3d at 1343). *See also Cotton v. Massachusetts Mut. Life Ins. Co.*, 402 F.3d 1267, 1281 (11th Cir. 2005) ("Therefore, a state-law claim may be defensively preempted . . . but not completely preempted . . . .").

As noted above, complete preemption is derived from ERISA's civil enforcement provision, § 502(a), which is codified at 29 U.S.C. § 1132. The Eleventh Circuit has adopted a two-part test to determine whether a claim is subject to complete preemption: "(1) whether the plaintiff could have brought its claim under § 502(a); and (2) whether no other legal duty supports the plaintiff's claim." *Anthem*, 591 F.3d at 1345. To satisfy the first prong of this inquiry, a defendant must show that (1) the plaintiff's claim falls within the scope of ERISA, and (2) the plaintiff has standing to sue under ERISA. *Id.* at 1350. The second prong is satisfied when "the content of the claims necessarily requires the court to inquire into aspects of the ERISA plan [] because of the invocation of the terms defined under the plan []." *Borrero v. United Healthcare of N.Y., Inc.,* 610 F.3d 1296, 1304 (11th Cir. 2010). In other words, there is no independent legal duty in an ERISA case if "interpretation of the terms of [the] benefit plan forms an essential part" of the claim presented by the plaintiff, and "liability would exist . . . only because of [the] administration of [the] ERISA-regulated benefit plan[]." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 213 (2004).

As to the first prong of the *Anthem* test, Defendant argues that Plaintiff's claims are completely preempted because, pursuant to the Benefit Plan, Plaintiff "could have brought a claim against Defendant under § 502(a) of ERISA[.]" Doc. 8 at 4. In particular,

7

Defendant asserts that, as a participant in the Benefit Plan, pursuant to 29 U.S.C. § 1132(a)(1)(B), Plaintiff "may bring a civil action 'to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.'"  Doc. 8 at 5 (quoting § 1132(a)(1)(B)).

It is apparent from the face of the Complaint that all of Plaintiff's claims concern Defendant's alleged failure to provide benefits as required by the Benefit Plan or otherwise concern Defendant's obligations under the Plan's terms.   Claims seeking to recover benefits under the Plan or to enforce a participant's rights under the Plan are plainly within the scope of § 502(a)'s enforcement mechanism.   *See* 29 U.S.C. § 1132(a)(1)(B). Moreover, in failing to respond to the motion to dismiss, Plaintiff has failed to present any argument to the contrary.  As such, the court should conclude that all of Plaintiff's claims fall within the scope of ERISA, that he has standing to sue under ERISA as a Plan participant, and that, therefore, the first prong of the *Anthem* complete preemption test is met.

As to the second prong—whether any other legal duty supports Plaintiff's claims— the court should likewise conclude that Plaintiff's claims are subject to complete preemption because Plaintiff's claims do not rely upon any independent legal duty owed by Defendant to Plaintiff outside of the ERISA-regulated plan.   In order to resolve Plaintiff's claims that Defendant breached the terms of the Plan or acted in bad faith in failing to provide Plan benefits (Counts One and Two), the court will necessarily be required to consider and interpret the terms of the Plan.  Likewise, the court will be required to interpret the terms of the Plan to resolve Plaintiff's claim that Defendant made fraudulent

representations to Plaintiff in the terms of the Plan (Count Three), and that Defendant breached its "fiduciary," "special," or "confidential" obligation to convey "facts" or the terms of the Plan to Plaintiff (Count Four).  *See, e.g., Butero*, 174 F.3d at 1213 (finding plan participant's claims for fraud and fraud in the inducement subject to complete preemption);  *Jones v. Am. Gen. Life and Acc. Ins. Co.*, 370 F.3d 1065, 1074 (11th Cir. 2004) (holding that a claim for breach of fiduciary duty based upon a plan participant's reliance on a fiduciary's representations of the plan's terms may state a claim under ERISA).  Moreover, in failing to respond to the motion to dismiss, Plaintiff has failed to clarify how any of the claims in his Complaint are somehow predicated on any legal duty independent of ERISA despite the apparent nature of the claims from the face of the Complaint.  As such, the court should conclude that there is no independent legal duty supporting any of Plaintiff's claims, and should therefore find that Plaintiff's claims are subject to complete preemption under ERISA.

### B.  Motion to Dismiss Plaintiff's Claims for Punitive and Extra-contractual damages

Defendant argues that Plaintiff's claims should be dismissed to the extent they seek recovery of damages not recoverable under ERISA, namely punitive and extra-contractual damages.  Defendant's argument is well-taken.  *See Godfrey v. BellSouth Telecomm., Inc.*, 89 F.3d 755, 761 (11th Cir. 1996) (holding, "a plan beneficiary can sue to enforce her rights under the plan and under ERISA, and for equitable relief, but not for punitive or compensatory damages.").  As such, Plaintiff's claims for punitive and compensatory damages are due to be dismissed.

9

### C.    Motion to Strike Jury Demand

Defendant also moves to strike the jury demand found in the Complaint.  *See* Doc. 1-1 at 9.  As all of Plaintiff's claims are preempted by ERISA, Defendant's motion is well-taken.  *See, e.g., Chilton v. Savannah Foods & Indus., Inc.*, 814 F.2d 620, 623 (11th Cir. 1987) ("[T]he law of this circuit is settled: [ERISA plaintiffs are] not entitled to a jury trial.").

## V.    CONCLUSION

For all of the foregoing reasons, the undersigned Magistrate Judge hereby RECOMMENDS that Defendant's Motion to Dismiss Plaintiff's State-Law Claims and to Strike Plaintiff's Jury Demand (Doc. 8) be GRANTED, and that Plaintiff's state-law claims be DISMISSED without prejudice to Plaintiff's ability to file an amended complaint asserting claims under ERISA.  The undersigned further RECOMMENDS that Plaintiff be DIRECTED to file an amended complaint seeking relief under ERISA, and that such amended complaint omit any jury demand.  It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **March 15, 2018**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive, or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the

District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 1st day of March, 2018.


/s/ Wallace Capel, Jr.
CHIEF UNITED STATES MAGISTRATE JUDGE